101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Peter M. RESNIK, Defendant-Appellant.
 No. 95-1664.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Thomas A. Zonay, Carroll, George & Pratt, Rutland, Vermont.
 APPEARING FOR APPELLEE: John-Claude Charbonneau, Assistant United States Attorney for the District of Vermont, Rutland, Vermont.
 D.Vt.
 AFFIRMED.
 Before LUMBARD, VANGRAAFEILAND, and DANIEL MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Defendant-appellant Peter M. Resnik appeals from a judgment entered November 9, 1995 in the United States District Court for the District of Vermont following his plea of guilty to receiving and storing a stolen firearm in violation of 18 U.S.C. § 922(j). The district court sentenced Resnik to ninety-two months imprisonment and three years supervised release. On appeal, Resnik challenges the district court's refusal to depart downward from the applicable Guidelines range based upon Resnik's childhood institutionalization. Resnik is presently serving his sentence.
 
 
 4
 2. A sentencing court's decision not to grant a downward departure is an exercise of discretion that is normally unreviewable on appeal. United States v. Harris, 38 F.3d 95, 97 (2d Cir.1994), cert. denied, 115 S.Ct. 1269 (1995). We recognize an exception to this rule when a sentencing court's refusal to depart downward rests upon a misapprehension of its authority to do so. United States v. Haynes, 985 F.2d 65, 68 (2d Cir.1993). In determining whether such misapprehension existed, a reviewing court is ordinarily "entitled to assume that the sentencing judge understood all of the available sentencing options, including whatever departure authority existed in the circumstances of the case." United States v. Rivers, 50 F.3d 1126, 1131 (2d Cir.1995). Nothing in the record of this case leads us to question the district court's understanding of the applicable law. Rather, we are convinced that the district court was aware of the scope of its authority to grant a downward departure, thus rendering its decision not to do so unreviewable on appeal.